**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Miles Justin Ackerman, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:26-cv-1164-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Sheriff Hobart Lewis, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Plaintiff Miles Justin Ackerman, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss this action without prejudice, without leave to amend, and without issuance and service of process. (ECF No. 7). The Report notified Plaintiff of his right to file specific objections to the Report. *Id.* at 10. During the time for the filing of objections, Plaintiff filed a document that was largely nonresponsive to the Report. (ECF No. 11). However, Plaintiff did address the Report in a small portion of the document, which the court will liberally construe as his objections. Accordingly, this matter is now ripe for review.

**BACKGROUND**

According to the Complaint, Plaintiff was arrested on February 27, 2026, at a local bus stop. (ECF No. 1 at 5). He alleges that the plain-clothes officers pulled up to the bus stop in unmarked vehicles and "jumped out on [him] with pistols drawn", claiming they had warrants for his arrest. *Id.* He indicated that once they arrived at the detention center, the officers printed the

warrants. *Id.* at 6. The Complaint does not identify any officer that was involved in the arrest. However, it alleges the following claims against Defendant Sheriff Hobart Lewis: "negligence/supervision; failure to act; negligent training; [and] failure to intervene." *Id.* at 4. Plaintiff seeks $150,000 of compensatory damages and punitive damages "for the unreasonable seizure of the 4th Amendment." *Id*. at 7. Plaintiff also seeks for the Department of Justice to pursue declaratory relief for the pattern of misconduct by the deputies of Hobart Lewis and Hobart's allowing of excessive force." *Id*. Finally, attached to his Complaint, Plaintiff provides instructions on "how to access" the TikTok account of "joshuahaymaker", which he alleges contains "Video[es] of Greenville S.C. Deputies Feloniously Committing Crimes." *Id.* at 6. Plaintiff does not contend that such account has any videos of his arrest or that he is in any way connected to any video on that account.

As noted by the magistrate judge in her Report, records from the Greenville County public index, of which the court may take judicial notice,[1] indicate that Plaintiff was arrested pursuant to several warrants on February 27, 2026. *See* Greenville County 13th Judicial Circuit Public Index, https://www2.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx [search case numbers: 2026A2330201918, 2026A2330202024, 2026A2330202025, 2026A2330202093] (last visited Oct. 8, 2026). Though these charges remained pending at the time of the Report, it appears from the Public Index that Plaintiff pled guilty in case number 2026A2330202093 to possession of more

[1] This court may take judicial notice of factual information located on government websites. *See Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004) (taking judicial notice of information on the state government's website); *Walls v. Prince George's Cnty*., No. 25-1121, 2026 WL 497988, at *2 n. 3 (4th Cir. 2026) (taking judicial notice of information on the County's website). Though the court is reviewing the Complaint at the summary dismissal stage, which limits the information that the court can review, the court can properly consider matters of which the court may take judicial notice. *Cf. Just Puppies, Inc. v. Brown*, 123 F.4th 652, 660 (4th Cir. 2024) (stating that the court may consider matters of which it can take judicial notice at the motion to dismiss stage).

than two grains of fentanyl on June 9, 2026, and that the other cases were dismissed the following day with the disposition listed as "Dismissed-Pled/Trial Other Charges." *Id.*

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious

case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

**DISCUSSION**

In her Report, the magistrate judge recommends that "to the extent Plaintiff seeks to have the court interfere with his pending criminal charges, this court should abstain from hearing this action" based on *Younger v. Harris*, 401 U.S. 37 (1971). (ECF No. 7 at 3–5). However, as noted herein, Plaintiff's state charges that were pending at the time of the filing of the Report are no longer pending. Accordingly, there is no ongoing state judicial proceeding that is connected to this Complaint. Therefore, abstention is no longer appropriate.

Nonetheless, the magistrate judge indicated in her Report that "even if this action is not barred under *Younger* it is subject to summary dismissal" for failure to state a federal claim for relief. *Id.* at 5–9. Specifically, the magistrate judge noted that the Complaint "fail[s] to provide any specific facts to support a claim that Defendant violated any of his federal constitutional rights"

including as to any allegation of supervisory liability and also fails to demonstrate how his "Fourth and/or Fourteenth Amendment rights or his rights under § 101 and/or RICO were allegedly violated." *Id.* at 5. Finally, because the magistrate judge recommends dismissal of his federal claims, the magistrate judge recommends that this court decline to exercise supplemental jurisdiction over any state law claims that can be construed from the Complaint. *Id.* at 8.

Plaintiff filed a document with the court, which the court docketed as a "Notice" and "Supporting Documents." (ECF No. 9). This document is largely unresponsive to the Report. In fact, the top of the first page indicates that it was "Drafted by TikTok joshuahaymakes" – the same individual listed in the Complaint as managing the TikTok account containing various unrelated videos of alleged police misconduct. (ECF No. 11 at 1). The bottom of each of the first few pages of this document also has an inscription of "EPR" with a heart drawn beside it. *Id.* at 1–5. The first page contains a personal account of "Joshua Lynn Robinson" – presumably the legal name of "joshuahaymakes" – that has no relation to the Complaint or to the Report. *Id.* at 1. On the bottom half of the second page, Plaintiff indicates he would like to "point something out. He doesn't want to add it to the complaint just point it out." *Id.* at 2. Plaintiff then proceeds to allege new theories as to why he finds the legal system to be corrupt from the bottom half of the second page until the end of page five of the document.[2] *Id.* at 2–5. None of this is responsive to the Report, nor does it cure any of the deficiencies noted in the Report.

The only portion of the document that could be liberally construed as even tangentially referencing the Report is a single paragraph on page two arguing that it was "subjectively unreasonable" for the officers to jump out of the vehicles with no uniforms on and guns drawn. *Id.*

---

[2] Plaintiff also attached a copy of one of his arrest warrants to support his claims for corruption. (ECF No. 11-2 at 11).

at 2. This paragraph also indicates that "Hobart Lewis has continued to 'fail to enforce' policy and has continued to allow the Fourth Amendment unreasonable seizure clause to be violated. Just like this Plaintiff's case." *Id.* Plaintiff then asks for additional damages than what was requested in the Complaint. *Id.* In support, Plaintiff attached a copy of the Greenville County Sheriff's Office's "Response to Resistance/Aggression", which is signed by Defendant. (ECF No. 11-1 at 1–10).

To the extent Plaintiff's objection regarding the reasonableness of the actions of the officers could be liberally construed as an objection to the magistrate judge's determination that he has failed to allege facts regarding excessive force as to the Defendant, such objection is overruled. Plaintiff simply alleges his general disagreement with the magistrate judge's determination without providing any reasoning or specificity as to why he disagrees. Furthermore, as noted in the Report, the officers are not parties to this action, and there is no indication that Defendant had actual or constructive knowledge of the officers' actions. Plaintiff's objections do not address those deficiencies.

To the extent Plaintiff's objection relates to Defendant's alleged failure to enforce the policy he attached to the objections, Plaintiff's objection does not address the deficiencies noted in the Report. There remains no indication that Defendant had actual or constructive knowledge of the circumstances of Plaintiff's arrest or that his subordinates were "engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff." *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (internal quotation omitted). Accordingly, Plaintiff has failed to allege facts to support a claim for supervisory liability against Defendant. As previously noted, the only allegations as to Defendant are in his supervisory

capacity, as there is no indication that he was personally involved in Plaintiff's arrest. Therefore, Plaintiff's objections are overruled.[3]

## CONCLUSION[4]

Based on the foregoing, the court **ADOPTS** the Report (ECF No. 7) to the extent it is consistent with this order and incorporates it herein by reference. This action is **DISMISSED** without prejudice and without leave to amend. The Clerk shall mail a copy of this Order to Plaintiff at his last known address provided to the court.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Senior United States District Judge

Greenville, South Carolina
October 21, 2026

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3] Finally, though Plaintiff did not file an objection to the magistrate judge's determination that he failed to state a claim as to his malicious prosecution claim, the court finds it appropriate to address the fact that since the filing of the Report, Plaintiff's underlying state charges are no longer pending. Several of these charges were dismissed. However, the court agrees with the magistrate judge that Plaintiff's malicious prosecution claim fails to state a claim for relief because he has not alleged any facts to indicate that the warrants failed to establish probable cause for his arrest.

[4] **NOTICE: The filings in this case suggest that an individual within the Greenville County Detention Center may be providing legal counsel to Plaintiff without a law license. Practicing law without a license is a felony offense in South Carolina, as set forth in S.C. Code § 40-5-310. Further filings that bear the markings of a third-party inmate providing such legal counsel will be referred to the appropriate authorities for investigation.**